IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ARNAUD VERSLUYS;** and **INSTITUTE OF CLASSICS IN EAST ASIAN MEDICINE,** | No. 3:21-cv-01694-MO |
| Plaintiffs, | OPINION & ORDER |
| v. | |
| **SHARON WEIZENBAUM; NADINE ZAECH;** and **WHITE PINE CIRCLE, LLC,** | |
| Defendants. | |

**MOSMAN, J.,**

Plaintiffs Dr. Arnaud Versluys and his company Institute of Classics in East Asian Medicine ("ICEAM") bring claims for copyright infringement and breach of contract against Defendants Sharon Weizenbam, Nadine Zaech, and Weizenbaum's entity, White Pine Circle, LLC. Defendants filed a Motion for Summary Judgment [ECF 93]. I held oral argument on the motion on September 21, 2023. After hearing the Parties' arguments, I ruled from the bench and granted Defendants' motion on the ground that Plaintiffs waived dispositive arguments as to both claims. Mins. of Proceedings [ECF 107]. I write here to explain my ruling.

1 – OPINION AND ORDER

## FACTUAL BACKGROUND

Dr. Versluys practices and teaches Chinese medicine, specifically pulse diagnosis. Compl. [ECF 1] at ¶ 10. Pulse diagnosis is an ancient Chinese practice that examines the pulse of patients to diagnose ailments and recommend herbal remedies. There are different methods of pulse diagnosis, each with "its own unique formulae, recipes, interpretation, and application." Pl.'s Resp. to Defs.' Mot. for Summ. J. [ECF 99] at 8.

At ICEAM, Dr. Versluys offers seminars on pulse diagnosis. Compl. at ¶ 11. In 2011, he began to require everyone attending an ICEAM seminar to sign a "proprietary rights agreement" ("PRA"). Defs.' Mot. for Summ. J. at 9. The agreement allows attendees to use the techniques learned in their personal practice of Chinese medicine. Compl. at ¶ 12. But attendees must not "copy, transmit, teach, reproduce, summarize, quote, or make any commercial use whatsoever of proprietary information, with or without financial gain, without the express written consent of Dr. Arnaud Versluys." *Id.*

Ms. Zaech and Ms. Weizenbaum are former students of Dr. Versluys. *Id.* at ¶¶ 14, 15. Both attended Dr. Versluys' seminars on pulse diagnosis and signed the PRA. *Id.* at 14. Indeed, Ms. Zaech trained, taught, and practiced with Dr. Versluys for over ten years. Defs.' Mot. for Summ. J. at 8–11.

In 2020, Ms. Weizenbaum started White Pine Circle, an organization that offers courses on traditional East Asian medical techniques. *Id.* at 11. In 2021, Ms. Zaech began teaching a course on pulse diagnosis at White Pine Circle. *Id.* To teach the course, Ms. Zaech used PowerPoint slides that translated ancient Chinese texts on pulse diagnosis. *Id.* at 12. Ms. Zaech created the slides using her own translations. *Id.*

Shortly after the start of the course, Dr. Versluys filed this lawsuit. *See generally* Compl. at 1. Dr. Versluys alleges that Defendants are wrongfully teaching his system of pulse diagnosis in violation of the PRA and are using teaching materials that infringe his copyrights. *Id.* at ¶ 1.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations, *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P 56(e)), or "unsupported conjecture or conclusory statements," *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

However, the mere existence of "some alleged factual dispute between the parties" will not defeat a motion for summary judgment; there must be "no *genuine* issue of *material* fact." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 329–30 (9th Cir. 2017) (internal citation omitted). And the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in its favor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). This is more than a "scintilla of evidence." *Id.* If the evidence is "merely colorable," or is not "significantly probative," summary judgment may still be granted. *Kelly*, 846 F.3d at 329–30.

3 – OPINION AND ORDER

**DISCUSSION**

Defendants argue that Plaintiffs fail to respond to—and thus waive—dispositive arguments for both claims that Defendants raise in their Motion for Summary Judgment. Defs.' Reply ISO of Mot. for Summ. J. at 7. I agree.

A party waives an argument at the summary judgment stage if it provides no argument in support of its position or does not adequately develop the argument. *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc.*, No. C14-5880JLR, 2016 WL 631574, at *25 (W.D. Wash. Feb. 16, 2016) (collecting cases); *see also Kroeger v. Vertex Aerospace LLC*, No. CV 20-3030-JFW(AGRX), 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (collecting cases and noting that failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver). Plaintiffs waive the following two arguments.

**I.   Plaintiffs' Expert Report Does Not Satisfy the Extrinsic Test**

Defendants argue that Plaintiffs' copyright infringement claim fails as a matter of law because Plaintiffs' expert report fails to satisfy the extrinsic test. Plaintiffs do not respond to this argument and therefore waive it.

A party bringing a copyright infringement claim must satisfy the extrinsic test to prevail on summary judgment. *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004), as amended on denial of reh'g (Aug. 24, 2004). The extrinsic test looks at whether a defendant's work is substantially similar to protected elements of a plaintiff's work. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 637 (9th Cir. 2008) (citing *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994)). The test "objectively considers whether there are substantial similarities in both ideas and expression" between the parties' works. *Id.*

Defendants argue that even when Plaintiffs' expert report is taken as true, a reasonable jury could not find that it satisfies the extrinsic test. Defendants raise four issues with the report: (1) It mistakenly treats ideas about pulse diagnosis that are not copyrightable as protectable elements of Dr. Versluys' works. Defs.' Mot. for Summ. J. at 22. (2) It fails to show that Ms. Zaech's expression of these ideas is substantially similar to Dr. Versluys' expression. *Id.* at 24. (3) It shows that Ms. Zaech's translations of ancient Chinese texts are different from Dr. Versluys' translations. *Id.* at 24–25. And (4) Dr. Versluys' works are a compilation, but the report fails to show that Ms. Zaech's and Dr. Versluys' selection and arrangement of facts in their works are substantially similar. *Id.* at 26.

Plaintiffs fail to address any of Defendants' four arguments. They simply respond—without citing any evidence—that summary judgment is inappropriate because their expert found substantial similarity between Dr. Versluys' and Ms. Zaech's works. Pl.'s Resp. to Defs.' Mot. for Summ. J. at 13. This conclusory recitation of the legal standard ignores Defendants' arguments and is inadequate to overcome them. Plaintiffs must show, by pointing to record evidence, that a reasonable jury could find that their expert report meets the extrinsic test or that they can satisfy the extrinsic test without their expert report. Plaintiffs do not make—nor do they attempt to make—either of these showings. Plaintiffs therefore waive their argument that their expert report shows Dr. Versluys' and Ms. Zaech's works are substantially similar. Accordingly, I grant summary judgment on Plaintiffs' claim for copyright infringement.

## II.   The PRA Is Void for Overbreadth

Next, Defendants argue that the PRA is void for overbreadth because it is a contract in restraint of trade and has no thematic or time limit. Plaintiffs likewise waive this argument by failing to respond to it.

5 – OPINION AND ORDER

Defendants argue that the PRA is a contract in restraint of trade because under the PRA, students are not allowed to "copy, transmit, teach, reproduce, summarize, quote, or make any commercial use whatsoever of proprietary information" taught in Dr. Versluys' seminars. Defs.' Mot. for Summ. J. at 37; Compl. at ¶ 12. In short, students are not allowed to benefit commercially from the information presented in the seminars. I agree with Defendants that a reasonable jury could find that the PRA is a contract in restraint of trade.

A contract in restraint of trade is enforceable only if it meets three requirements under Oregon common law:

> (1) it must be partial or restricted in its operation in respect either to time or place; (2) it must be on some good consideration; and (3) it must be reasonable, that is, it should afford only a fair protection to the interests of the party in whose favor it is made, and must not be so large in its operation as to interfere with the interests of the public.

*Nike, Inc. v. McCarthy*, 379 F.3d 576, 584 (9th Cir. 2004) (citing *Eldridge v. Johnston,* 195 Or. 379, 403 (1952)).

Defendants argue that, here, the PRA lacks the requisite thematic and time limits needed for it to be enforceable. The PRA states that "*all* information provided during" the seminars is "proprietary information" belonging to Dr. Versluys. Compl. at ¶ 12 (emphasis added). This means that it forecloses students from "teaching literally anything Dr. Versluys teaches at the seminar for the rest of time," according to Defendants. Defs.' Mot. for Summ. J. at 38. Yet, Defendants note, Dr. Versluys' seminars teach and discuss topics that are foundational to Chinese medicine and are common knowledge in the field. *Id.* As such, Defendants argue, the PRA seeks to indefinitely prohibit students from teaching material that is not proprietary to Dr. Versluys. *Id.* And for this reason, the PRA is overbroad and unenforceable as a matter of law, Defendants argue. *Id.*

Plaintiffs do not respond to this argument head on. Rather, they assert—without citing any evidence—that the PRA "is not an illegal restraint on trade" because "others in the industry are teaching pulse diagnosis techniques without implicating Plaintiffs' proprietary ones." Pls.' Resp. to Defs.' Mot. for Summ. J. at 19. This assertion is nonresponsive to Defendants' argument. It concedes that the PRA is a contract in restraint of trade. And it does not address Defendants' claim that the PRA lacks any thematic or time limit. Accordingly, I grant summary judgment on Plaintiffs' breach of contract claim.

## CONCLUSION

For the foregoing reasons, I grant Defendants' Motion for Summary Judgment [ECF 93].

IT IS SO ORDERED.

DATED this __18__ day of October, 2023.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge

7 – OPINION AND ORDER